UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JAPHSON CARRASCO CALDERON,                                          Petitioner,

v.                                                    Civil Action No. 4:26-cv-66-RGJ

SAMUEL OLSON, et al.,                                              Respondents.

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Japhson Carrasco Calderon's Writ of Habeas Corpus. [DE 1]. Respondents responded on February 12, 2026. [DE 5]. Petitioner replied on February 17, 2026. [DE 8]. The parties agreed that no evidentiary hearing is necessary. [DE 6; DE 9]. This matter is ripe for adjudication. For the reasons below, this Court **DENIES** the Petition for Writ of Habeas Corpus. [DE 1].

## I.      Background

Petitioner Japhson Carrasco Calderon ("Calderon") is a 34-year-old native and citizen of Nicaragua. [DE 1 at 1]. In August 2019, Calderon entered the United States without inspection. [*Id.*]. Although entering without inspection, Calderon encountered border patrol agents shortly thereafter. [*Id.*]. Shortly after his encounter, Calderon self-deported to Nicaragua. [*Id.*]. On August 8, 2021, Calderon again entered the United States without inspection. [DE 5-1 at 23].  On March 24, 2025, Calderon was arrested by Immigration and Customs Enforcement ("ICE"). [*Id.*]. ICE also served Calderon a Notice of Intent/Decision to Reinstate his Prior Order of Removal. [DE 5-3 at 26]. Calderon then alleged a fear of return to Nicaragua. [*Id.*]. On December 11, 2025, an Immigration Court granted Calderon "withholding only" relief from being removed to Nicaragua. [*Id.*]. Consequently, on this date, the order of the Immigration Judge ("IJ") exhausted Calderon's administrative remedies, and his order of removal became final. [DE 5 at 15]. On February 5, 2026, ICE served Calderon with a Notice of Removal to Mexico. [DE 5-6 at 31]. ICE is currently

screening Calderon for fear of removal to Mexico. [DE 5 at 15]. Neither party disputes that Calderon is subject to a final order of removal under 8 U.S.C. § 1231. [DE 5 at 16; DE 8 at 41].

Calderon seeks a Writ of Habeas Corpus alleging that his current detention is in violation of *Zadvydas v. Davis*, 533 U.S. 690 (2001). [DE 1 at 5]. The United States contends that Calderon is properly detained under 8 U.S.C. § 1231 pursuant to the *Zadyvdas* standard. [DE 5 at 16-18].

## II.      Discussion[1]

### A.      Relevant Immigration Framework

8 U.S.C. § 1231 controls the detention of non-citizens "during" and "beyond" "removal." 8 U.S.C. § 1231(a)(2)-(6). The "removal period" begins once a noncitizen's removal order "becomes administratively final." 8 U.S.C. § 123l(a)(l)(B). The removal period lasts for 90 days, during which ICE "shall remove the [non-citizen] from the United States." And ICE "shall detain the [non-citizen]" as it carries out the removal. 8 U.S.C. § 1231(a)(l)-(2). After the initial 90-day period, a noncitizen "ordered removed. . . as inadmissible under section 1182 of this title. . . may be detained beyond the removal period" or "released" subject to terms of supervision. 8 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 683. For post-removal detention to be permissible, the removal must be reasonably foreseeable. *Id.* at 699. What constitutes reasonable foreseeability is determined on a case-by-case inquiry, with no specific point in time where the detention becomes constitutionally impermissible. *Id.* However, the Supreme Court held that a period of detention under six months is a "presumptively reasonable period of detention." *Id.* at 701. This does not mean that any detention longer than six months is unreasonable. *Id.* After six months, the detention

---

[1] Neither party asserted any jurisdiction-related arguments. However, the Court has analyzed jurisdiction of remedies in similar circumstances, such as *Edahi v. Lewis*, 2025 WL 3466682, at *2-3 (W.D. Ky. Nov. 27, 2025) and incorporates its reasoning into this opinion. Neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi,* 2025 WL 3466682, at *3, and the Court waives the exhaustion requirement for the same reasons.

of the noncitizen may continue to be constitutionally permissible according to a burden shifting framework. *Id.* First, the noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If this is met, the burden shifts to the United States. The United States must "respond with evidence sufficient to rebut that showing." *Id.* "And as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' necessarily shrinks." *Lopez v. Raycraft,* 2026 WL 1370583, at \*12 (E.D. Mich. May 15, 2026) (quoting *Zadvydas,* 533 U.S. at 701). "Said differently: A person with a final removal order 'may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Id.*

### B.    Application to Calderon

Calderon's final order of removal was considered final pursuant to 8 U.S.C. § 1231 on December 11, 2025. [DE 5 at 16]. As of today, Calderon is still within the six month detention period, which is presumptively reasonable. *Zadvydas,* 533 U.S. at 701. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701). If a person can prove that "his removal is not reasonably foreseeable" then he can overcome the United States's presumption of reasonableness. *Id.* at 397. But "in most cases, this heavy standard will be impossible to meet and habeas petitions will be easily denied." *Lopez,* 2026 WL 1370583, at \*12 (citing *Cruz Medina v. Noem*, 794 F. Supp. 3d 365, 375 (D. Md. 2025); *see also, Guerra-Castro v. Parra,* 2025 WL 1984300, \*4 (S.D. Fla. July 17, 2025) (rejecting a habeas petition prior to a six-month detention because the claim was "premature"). And "successful petitioners under the *Zadvydas* framework prototypically include persons whom the government is 'unable to remove'" *Euceda v. Evans,*

2017 WL 1534197, at *4 (E.D. Va. Apr. 24, 2017) (quoting *Zadvydas,* 533 U.S. at 695). It also includes persons who are "left in [a] removable-but-unremoveable limbo." *Jama v. Immigr. Customs Enf't,* 543 U.S. 335, 347 (2005).

Calderon cannot meet his burden. Calderon has been served a notice of removal and has undergone screening to a third-party county. [DE 5 at 18-19]. Calderon asserts that "there is no indication of whether Mexico is a safe third country" and thus his detention is not permissible. [DE 8 at 41]. He also states that "[w]hatever a reasonable time to detain is, it has certainly been exceeded here." [*Id.*]. But Calderon must "offer more than 'conclusory statements' suggesting he will not be removed." *Esmaeili v. Noem,* 2026 WL 240661, at *3 (S.D. Cal. Jan. 29, 2026) (quoting *Andrade v. Gonzalez,* 459 F.3d 538, 543 (5th Cir. 2006)); *see also, Wang v. Bondi,* 2026 WL 1113519, at *3 (W.D. Mich. Apr. 24, 2026) (holding that the Petitioner must provide "evidence showing that removal is not significantly likely"). And although Calderon has been detained for roughly five months, that fact, without more, is insufficient to meet his burden. *Smith v. Simon,* 2019 WL 4143088, *4 (N.D. Ohio July 17, 2019) (holding that the "mere passage of time" is inadequate to obtain *Zadvydas* relief) (quoting *Beckford v. Lynch,* 168 F. Supp. 3d 533, 539 (W.D.N.Y. 2016). Although the passage of time necessarily "shrinks" what is considered as the 'reasonably foreseeable future," the passage of time alone is insufficient. *Lopez,* 2026 WL 1370583, at *12. As a result, Calderon has failed to meet his burden at this stage "to come forward with evidence showing that removal is not significantly likely to occur sometime soon." *Wang,* 2026 WL 1113519, at *3; *see also, Abdalla v. Johnson*, 2017 WL 345731, at *4 (E.D. Mich. Jan. 24, 2017) (holding that Petitioner had not met his burden on a *Zadvydas* claim, even a year into detention, because petitioner "provide[d] no evidence" that removal was unlikely to occur in the near future).

In *Jama,* the Supreme Court held that petitioner had met this burden because the "petitioner had definitively established that no country would accept him." *Woldeghergish v. Lynch,* 2025 WL 4648129, *10 (S.D. Ohio Oct. 23, 2025) (citing *Jama,* 543 U.S. at 347); *Demore v. Kim,* 538 U.S. at 510, 527 (2003) (the primary question is whether removal is "(n)o longer practically attainable"); *Miranda v. Garland*, 34 F.4th 338, 361 (4th Cir. 2022) ("*[Z]advydas* should not be expanded beyond the context of the indefinite and potentially permanent detention involved here.") Calderon has not "definitively established" that Mexico, nor any other country, would not accept him. *Jama,* 543 U.S. at 347. Simply stating that a country is unsafe, without other evidence, is insufficient to meet the initial burden. *Ahmed v. Brott*, 2015 WL 1542131, at *4 (D. Minn. Mar. 17, 2015); *report and recommendation adopted*, 2015 WL 1542155 (D. Minn. Apr. 7, 2015) (collecting cases). Thus, as the record currently stands, Calderon has not demonstrated that he is facing a "potentially permanent detention" which *Zadvydas,* and the Fifth Amendment, prohibit. *Miranda,* 34 F.4th at 361; *see Zadvydas*, 533 U.S. at 699-701. As a result, Calderon fails to meet his initial burden. *Id.*

Moreover, ICE has demonstrated that Calderon is likely to be removed in the reasonably foreseeable future. *Medina*, 794 F. Supp. 3d at 375. The United States has provided to the Court Calderon's notice of removal and a sworn declaration by Calderon's Supervisory Detention and Deportation Officer ("SDDO"). [DE 5-7 at 32-33]. The declaration states that "ICE regularly deports aliens to Mexico, including as third-country removals" and that "ICE has several flights a week to Mexico." [*Id.*]. As a result, ICE has provided evidence that supports his removal is reasonably foreseeable. *Lin v. Warden,* 2026 WL 412115, *2 (S.D.N.Y. Feb. 13, 2026) (holding that the United States has provided sufficient evidence that removal was reasonably foreseeable and denying the habeas petition); *Woldeghergish,* 2025 WL 4648129, *10 (denying habeas petition while the United States was only waiting for travel documents prior to removal); *Thai v. Hyde,*

788 F. Supp. 3d 57, 61 (D. Mass. 2025) (holding that evidence of the United States's removal efforts are "sufficient grounds for the Court to conclude that petitioner's removal is foreseeable"). District courts within the Sixth Circuit routinely use sworn declarations from ICE officers as evidence that removable is reasonably foreseeable. *See, e.g., Woldeghergish,* 2025 WL 4648129, *11 (holding that a declaration from a SDDO regarding Petitioner's removal process demonstrates that removal is reasonably foreseeable); *Ahmed v. U.S. Att'y Gen,* 4271704, *2 (S.D. Ohio Aug. 29, 2017) (holding that because of the SDDO's declaration, "petitioner has not provided good reason to believe that his removal is unlikely in the reasonably foreseeable future"); *Estenor v. Holder,* 2011 WL 5572596, *2-4 (W.D. Mich. Oct. 24, 2011) (same).

Accordingly, Calderon's *Zadvydas* claim fails. He has not proven that he is unlikely to be removed in the near future. "Should the Government's efforts to secure removal ultimately stall or fail to bear fruit, Petitioner remains free to file a new petition asserting that continued detention is no longer reasonable." *Wang,* 2026 WL 1113519, at *4.

### III.    Conclusion

For the reasons stated above, the Court **DENIES** Calderon's Petition for Writ of Habeas Corpus [DE 1].

Rebecca Grady Jennings, District Judge
United States District Court

June 5, 2026

6